UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK ROPER, and
KELLY ROPER,

        Plaintiffs,

vs.                                                      Case No. 07-CV-10002
                                                    HON. GEORGE CARAM STEEH

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, ST. FRANCIS
MORTGAGE CORP, CHASE HOME FINANCE
LLC,

        Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This case arises out of plaintiffs Derrick Roper and Kelly Roper's complaint against defendants Mortgage Electronic Registration Systems (MERS), St. Francis Mortgage Corp[1], and Chase Home Finance, LLC (Chase), alleging fraud, vapor money claim, failure of notice of foreclosure sale, 11 U.S.C. § 541, 24 C.F.R §27.15(G), and foreclosure by advertisement, MCL §§ 565.24 and 565.25. Plaintiffs' claims fail for the reasons stated below, and defendants' motion for dismissal under Fed. R. Civ. P. 12(b)(6) is GRANTED.

## FACTUAL BACKGROUND

On May 9, 2003, St. Francis Mortgage Corporation loaned Plaintiffs $186,000, and Plaintiffs executed a promissory note (Note) for the same. As security for the indebtness

---

[1]St. Francis Mortgage Corporation was never served by plaintiffs.

due under the Note, Plaintiffs executed a mortgage (Mortgage) on their real property located at 8215 Bramell, Detroit, Michigan 48239 (Property). The mortgagee identified on the mortgage is MERS, "acting solely as a nominee for Lender and Lender's successors and assigns." St. Francis Mortgage Corporation later transferred its interest in the Note and Mortgage by endorsing and delivering the Note to Chase. MERS remained as nominee for the mortgagee on the mortgage. Plaintiffs defaulted on their mortgage loan, and foreclosure by advertisement commenced. The sheriff's sale occurred on May 24, 2006, and the Property was purchased by MERS as nominee for the lender, it successors and assigns. The Plaintiff's received appropriate and timely notice of sheriff's sale by publication in the Detroit Legal News on November 30, 2005, December 7, 14, 21, and 28, 2005 and by a posting at the Property on December 10, 2005.

Following the sheriff's sale, the Property was conveyed to Federal National Mortgage Association via a quit claim deed. Plaintiffs failed to redeem and failed to vacate the Property. On December 2006, Federal National Mortgage Association filed a summary proceeding in the 36th District Court of Michigan to evict Plaintiffs. Thereafter, Plaintiffs filed a complaint against St. Francis Mortgage Corporation, Chase, and MERS on January 3, 2007.

Plaintiffs obtained entries of default against Chase and MERS, which were entered on February 14, 2007. Chase and MERS filed motions to set aside entry of default because they had not been properly served. On June 6, 2007, the Court granted Defendants' motions. Plaintiffs re-served Chase and MERS with the Complaint. Defendants then responded with this motion to dismiss for summary judgment pursuant to Fed. R. Civ. P. 12(b)(6), 9(b), and 56.

## STANDARD FOR DISMISSAL

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on an issue of law. The court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." However, a court should grant a motion to dismiss under Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support [of her] claim which would entitle [her] to relief." Noel v. Fleet Finance, Inc., 971 F. Supp. 1102, 1105 (E.D. Mich. 1997).

## ANALYSIS

I. Claim of Fraud

Plaintiffs initially claimed that Chase and MERS are unable to conduct business without a license from the State of Michigan. Plaintiffs contended that the defendants committed fraud because they failed to disclose they were not licensed in the State of Michigan to conduct business but subsequently contracted a mortgage with plaintiffs. However, national banks are not required to be licensed by the State of Michigan in order to conduct business within the state. Watters v. Wachovia, 127 S. Ct. 1559 (U.S. 2007). Plaintiffs subsequently admitted in their response that Chase does not need to be licensed. Therefore, the fraud claim against Chase is dismissed.

In order to state a fraud claim, a plaintiff must show that the "(1) defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff

acted in reliance upon it; (6) and that he thereby suffered injury." <u>Disner v. Westinghouse Electric Corp</u>., 726 F.2d 1106, 1111 (6th Cir. 1984). Plaintiffs' complaint does not satisfy all of the elements for fraud.

In particular, MERS made no material representation to the borrowers. MERS acts only as a nominee for the lenders, and communicates solely with banks. Further, plaintiffs fail to connect MERS' actions with their injuries. MERS does not decide to foreclose a home, and thus does not directly injure plaintiffs. Plaintiffs' claim of fraud against both defendants is therefore dismissed.

II. <u>"Vapor Money" Claim</u>.

Defendants argue that plaintiffs have made a "vapor money" claim that fails as a matter of law. Plaintiffs contend that they did not make the assertion that they were not loaned "real" money, but instead argue that a promissory note from the plaintiffs was accepted and endorsed by the Defendants, but the Defendants never credited plaintiffs' account. Similar arguments have been made and rejected by a number of courts. <u>Frances Kenny Family Trust v. World Savings Bank</u>, No C 04-03724 WHA, 2005 WL 106792 (N.D. Cal., Jan. 19, 2005), <u>Demmler v. Bank One Na</u>, No. 2:05-CV-322, 2006 WL 640499 (S.D. Ohio, Mar. 9, 2006). <u>Carrington v. Federal Nat'l Mortgage Ass'n</u>, No. 05-cv-73429-DT, 2005 WL 3216226, at 1 (E.D.Mich. Nov.29, 2005).
(finding "fundamentally absurd and obviously frivolous" plaintiff's claim that the lender unlawfully "created money" through its ledger entries). In <u>Demmler v. Bank One</u>, <u>supra</u>, a similar argument that the plaintiffs gave the bank a promissory note which they believed was accepted by the bank was put forth, and the court found, "While a promissory note may be a negotiable instrument, the note itself is not 'money.' It is nothing more than the

4

acknowledgment of a debt and a promise to repay the debt at some date in the future." Based on this reasoning, plaintiffs' claim that the bank failed to credit their account with the promissory note they gave the bank is dismissed.

III. <u>Violation of The Notice Of Foreclosure Sale Requirements</u>.

Plaintiffs contend that they were never notified of the foreclosure sale. MCL 600.328 requires that the notice of foreclosure by sale shall be given by publishing, in a newspaper, a notice in the county where the mortgaged premises is situated. It must be published for four consecutive weeks, at least once in each week, and within 15 days of the first publication a true copy of the notice shall be posted on the premises to be sold.

In this case, the Defendants have satisfied the requirements of MCL 600.328 by publishing a notice in the Detroit Legal News on Nov. 30, 2005, December 7, 14, 21, 28, 2005. Defendants also posted a notice on the property on December 10, 2005. Plaintiffs' claim for violation of notice of foreclosure sale is dismissed.

IV. <u>Violation of 11 U.S.C. § 541.</u>

Plaintiffs contend that 11 U.S.C. § 541, a bankruptcy statute, applies because the United States is bankrupt, and the bank is acting as an agent of the United States. Plaintiffs' argument is ill-conceived because the statute they refer to in their complaint simply describes what property constitutes an estate in bankruptcy cases. Plaintiffs further contend that Chase and MERS did not have authority to commence a non-judicial foreclosure without an assignment from the Secretary of Housing and Urban Development (H.U.D.). Section 541 speaks nothing to commencing a non-judicial

5

foreclosure without an assignment from the Secretary of H.U.D. Plaintiffs' claim that Chase and MERS violated section 541 is dismissed.

V. Violation of 24 C.F.R. § 27.15(g)

Plaintiffs argue that Chase and MERS violated 24 C.F.R. 27.15(g) because neither Chase nor MERS provided or recorded their assignment as a foreclosure with the Commissioner. Plaintiffs' claim fails because 27.15(g) is limited to mortgages held by the Secretary of H.U.D.  The mortgage in this action is not held by the Secretary of H.U.D., but has always been held with MERS.  Further, 27.15 (g) applies to multi-family mortgages, and the mortgage in this action is a single family mortgage.  Plaintiffs' claim of violation of 24 C.F.R. § 27.15(g) is therefore dismissed.

VI. Violation of MCL §600.3204

Plaintiffs argue that Chase or MERS violated MCL § 600.3204(1)(c), (1)(d), and (3) by commencing a foreclosure by advertisement. Under MCL § 600.3204 (1)(c), a party may foreclose a mortgage by advertisement if the mortgage containing the power of sale has been properly recorded.  Plaintiffs admit that the mortgage was recorded at the Wayne County Register of Deeds. The mortgage also shows that it was recorded on June 25, 2003.

Under MCL § 600.3204 (3), "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale...." MERS did not violate this aspect of § 600.3204 because MERS, as nominee for the lender, its successors and assigns, is the original mortgagee, and thus no record of

chain of title needs to exist. Further, defendants do not violate § 600.3204 (1)(d) because MERS , as nominee, is the owner of the indebtness, and thus has a right to foreclose via advertisement. Plaintiffs' claim is dismissed.

VII: <u>Violations of MCL §§ 565.24 and 565.25.</u>

Plaintiffs claim that defendants violated §565.24 which speaks to how the register of deeds goes about recording mortgages. This statute is inapplicable to this case because it only applies to how the register of deeds records mortgages, and says nothing about the duties of MERS or Chase. Further, Plaintiffs claim that defendants violated §565.25, which again only speaks to what the register must do in recording mortgages, encumbrances, etc. Further, Plaintiffs' claim that MERS or Chase violated § 565.25 fails because that section does not apply when there is a filing of a consensual agreement to encumber real property–the Mortgage-as there was in this case. Plaintiffs' claims that MERS or Chase violated § 565.24 or 565.25 are dismissed.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) is GRANTED.

Dated: November 1, 2007

<u>S/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 1, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk