UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK ROPER and
KELLY ROPER,

        Plaintiffs,

vs.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, ST.
FRANCIS MORTGAGE CORP.,
CHASE HOME FINANCE LLC,

        Defendants.
_____/

Case No. 07-10002

HON. GEORGE CARAM STEEH

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (35),
DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (36),
DENYING PLAINTIFFS' MOTION TO STRIKE (40),
GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT (42),
AND DENYING PLAINTIFFS' PETITION FOR ENTRY OF DEFAULT JUDGMENT (46)**

This case involves real property located at 8215 Bramell, Detroit, Michigan 48239 (the "Property"). On May 9, 2003, plaintiffs Derrick and Kelly Roper obtained a mortgage loan from defendant St. Francis Mortgage Corp. ("St. Francis") in the amount of $186,000. As security for the loan, plaintiffs executed a promissory note and granted Mortgage Electronic Registration Systems ("MERS") a mortgage on the Property. The named mortgagee on the mortgage is MERS, as nominee for the lender and its successors and assigns.

After funding the loan, St. Francis transferred its interest in the note and mortgage. MERS remained the named mortgagee on the mortgage, and therefore no assignment of the mortgage was necessary or required. After transferring its interest, St. Francis had no further involvement with the Property, mortgage or note.

(Declaration of Laura Franza, controller for St. Francis, at ¶ 4).

Plaintiffs defaulted on their mortgage loan, and foreclosure by advertisement pursuant to Michigan statute was commenced. The sheriff's sale occurred on May 24, 2006, and the Property was purchased by MERS, as nominee for the lender and its successors and assigns. Notice of the sheriff's sale was published in the Detroit Legal News on November 30, December 7, 14, 21, and 28, 2005, as well as by posting at the Property on December 10, 2005. St. Francis had no involvement with the foreclosure. (Franza Decl. ¶ 4).

MERS later conveyed the Property to Federal National Mortgage Association ("Freddie Mac") via a quit claim deed dated June 1, 2006. There is no evidence that plaintiffs redeemed or vacated the property. In December of 2006, Freddie Mac filed a summary proceeding to evict plaintiffs. St. Francis had no involvement with the eviction of plaintiffs from the Property. (Franza Decl. ¶ 4).

Plaintiffs commenced this action on January 3, 2007. On February 12, 2007, plaintiffs filed a proof of service with regard to its service of the Summons and Complaint on St. Francis. Also on February 12, 2007, plaintiffs filed a request for entry of default with this Court. On February 14, 2007, in reliance on plaintiffs' proof of service, the clerk entered a default against St. Francis.

I. <u>St. Francis' Motion to Set Aside Default</u>

In the proof of service, plaintiffs list the address where they served St. Francis, via unrestricted certified mail, as 1 S 443 Summit Avenue, Suite 201, Oakbrook Terrace, Illinois 60181. This Summit Avenue address was the formal principal place of business for St. Francis as of January 2007, when the Complaint was filed. The

2

individual who signed for the Summons and Complaint, "M. Papp.", did not have authority to accept service of process on behalf of the corporation. According to St. Francis, Ms. Papp is not an agent authorized by appointment or law to receive service of process, but is a loan servicing representative, which is a clerical position. St. Francis' registered agent in Illinois is, and was, John F. Purtill, whose address is 1515 East Woodfield Road, Second Floor, Schaumburg, Illinois 60173. At the time of service, St. Francis was in the process of moving to its current location in West Allis, Wisconsin. The Summit Avenue office formally closed in May, 2007.

St. Francis first became aware of this lawsuit when a copy of plaintiffs' motion for default judgment was forwarded to St. Francis' principal corporate office in Wisconsin on November 26, 2007. Plaintiffs mailed a copy of their motion to the wrong suite on Summit Avenue. The motion was eventually forwarded by the post office.

The Court is fully informed of the issues in this matter and has determined that it would not benefit from oral argument. Good cause exists to set aside the default against St. Francis in this case because plaintiffs did not effectuate proper service of the Summons or Complaint pursuant to Fed. R. Civ. P. 4. The biggest problem with plaintiffs' attempt at service is that they did not serve an officer, registered agent, or other authorized person. In addition, pursuant to Fed. R. Civ. P. 55(c), a default may be set aside for good cause shown. In this case, the default was not willful, the set-aside will not prejudice plaintiffs, and defendant St. Francis has raised a meritorious defense. See, Golden v. National Finance Adjusters, 555 F.Supp. 42, 44 (E.D. Mich. 1982). Specifically, St. Francis has had no involvement with the Property, the mortgage, or the note since its initial funding of the mortgage loan. Likewise, it had no involvement with

the foreclosure or eviction of plaintiffs.   Now, therefore,

IT IS HEREBY ORDERED that the motion to set aside entry of default as to St. Francis shall be GRANTED.

IT IS HEREBY FURTHER ORDERED that plaintiffs' motions for default judgment shall be DENIED.

II.  Plaintiffs' Motion for Reconsideration

Plaintiffs filed a motion for reconsideration of the Court's order granting defendants' MERS and Chase Home Finance's motion to dismiss [document 32].

Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted.  The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

The court finds that plaintiffs' motion simply reiterates earlier arguments which have been previously considered and addressed.  Accordingly,

IT IS ORDERED that plaintiffs' motion for reconsideration is hereby DENIED.

So ordered.

III. Motion to Strike

Plaintiffs' moved to strike the appearance for St. Francis [document 37].

Plaintiffs' motion to strike [document 40] is DENIED.

Dated: January 31, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 31, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---